## UNITED STATES v. TELLO et al.

(District Court, D. Massachusetts. June 15, 1925.)

No. 6082.

1. **Conspiracy ⬅➡33—Conspiracy by persons on American vessel to smuggle merchandise into United States held crime.**

Conspiracy by two or more persons on American vessel on high seas to smuggle dutiable or prohibited merchandise into United States *held* a crime, under Criminal Code, § 37 (Comp. St. § 10201).

2. **Conspiracy ⬅➡43(10) — Counts charging conspiracy made on board American vessel on high seas to smuggle merchandise into United States held good in substance.**

Counts charging conspiracy made on board American vessel on high seas to smuggle dutiable or prohibited merchandise into United States *held* good in substance, in view of Criminal Code, § 37 (Comp. St. § 10201).

3. **Indictment and information ⬅➡71—Counts charging conspiracy to smuggle alcohol into country held not objectionable, as being too general.**

Counts of indictment charging that defendants, at certain times and places, conspired to smuggle alcohol into the United States, *held* not objectionable, as being too general and not sufficiently apprising accused of charge against them.

4. **Intoxicating liquors ⬅➡246—Possession of alcohol on board American vessel beyond 12-mile limit held not illegal per se, and alcohol not subject to seizure.**

Possession of alcohol on board American vessel beyond 12-mile limit *held* not illegal per se, so as to render it subject to seizure under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

5. **Customs duties ⬅➡134 — Count charging throwing overboard of alcohol from boat 25 miles from coast held demurrable.**

Count based on Penal Code, § 65 (Comp. St. § 10233), charging that defendants, while on American boat 25 miles off the coast of the United States, threw overboard cases of alcohol in order to prevent its seizure by the customs officers, *held* demurrable, in absence of allegation that boat was engaged in smuggling, or that those thereon were committing or attempting to commit offense.

6. **Indictment and information ⬅➡115—Count merely charging attempt to import alcohol into United States held demurrable.**

A count merely charging that defendants, at a point on the high seas about 25 miles from

shore, attempted to import into United States cases of alcohol which were not invoiced, properly manifested, and for the unloading of which no permit was secured, *held* demurrable, under Comp. St. § 1701, as not informing defendants of what act or acts were charged as attempts to commit crime.

Criminal proceedings by the United States against John J. Tello and others. On demurrer and motion to quash indictment. Demurrer and motion sustained as to certain counts, and denied as to others.

The United States Attorney.

Daniel A. Shea and Leo A. Rogers, both of Boston, Mass., for defendants.

MORTON, District Judge. This demurrer presents questions both of form and of substance.

[1-3] As to counts I, III, and IV: In view of U. S. v. Bowman, 260 U. S. 94, 43 S. Ct. 39, 67 L. Ed. 149, it is in my opinion a crime under section 37 of the Criminal Code (Comp. St. § 10201) for two or more persons on an American vessel on the high seas to conspire together to smuggle dutiable or prohibited merchandise into this country. Count I charges such a conspiracy made within the limits of the United States. Counts III and IV charge similar conspiracies made, as therein stated, "on board a certain American vessel, to wit motor boat No. 728–C, at a point on the high seas off the shore of Massachusetts about 25 miles from said shore." All these counts are good in substance. The defendants strongly insist that they are not good in form, because they are too general, and do not sufficiently apprise the defendants of the exact charge against them. The gravamen of the charge is the conspiracy. The gist of each count is that the four named persons, being together at a certain time and place, at Boston in count I, and on a named American boat on the high seas in counts III and IV, then and there conspired to smuggle alcohol into this country. The indictment is simpler and more condensed than has sometimes been thought necessary in the federal court, but it seems to me to be sufficient. The demurrer and motion are overruled as to counts I, III, and IV.

[4] Count II is very narrow in its allegations. It charges merely that the boat in question, being 25 miles off the coast of the United States, threw overboard 70 cases of alcohol, in order to prevent seizure of said merchandise by the customs officers. It is based on section 65 of the Penal Code (Comp. St. § 10233). There are no allegations that the possession of the alcohol was illegal, nor that any crime was being committed or attempted with respect to it.

The government admits that there is no statute which authorizes the search of American vessels beyond the 12-mile limit. It contends, however, that American vessels anywhere on the high seas may be searched and seized for the prevention of smuggling. The allegations of this count do not afford the necessary basis for this argument. As I have said, it is not charged that the boat in question was engaged in smuggling, nor that those on board her were committing or attempting to commit any offense against our law. The possession of alcohol at the place stated was not per se illegal, and it was not subject to seizure on that ground. In Cunard S. S. Co. v. Mellon, 262 U. S. 100, 122, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306, it was held that the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) does not apply to domestic vessels when outside the territorial waters of the United States, and that the territorial waters of the United States are "a marginal belt of the sea extending from the coast line outward a marine league, or three geographical miles [citations]. This we hold as the territory which the amendment designates as its field of operation." Van Devanter, J., at pages 122, 123 (43 S. Ct. 507).

[5] The demurrer to this count is sustained.

[6] Count V charges that the defendants, while on board motor boat No. 728–C, at a point on the high seas about 25 miles from shore, attempted to import into the United States from said point several hundred cases of alcohol which should have been invoiced, and which was not manifested as required by law, and for the unloading of which no permit had been secured. By statute a defendant cannot be convicted of an attempt to commit a crime unless the "attempt be itself a separate offense." 17 Stat. 198 (Comp. Stat. § 1701). The defendants are clearly entitled to be informed by the indictment what act or acts of theirs are charged as attempts to commit crime. Merely alleging, as this count does, that the defendants did attempt to import alcohol contrary to law, is not sufficient. Keck v. U. S., 172 U. S. 434, 437, 19 S. Ct. 254, 43 L. Ed. 505. The demurrer and motion to this count are sustained.

Ordered accordingly.